## Drummond v. Parrish et al.

*Isabel Drummond*, for plaintiff.

*W. P. Scott*, for defendant.

PARRY, J., June 25, 1935.—The plaintiff, after some preliminary proceedings, filed a rule for judgment for want of a sufficient affidavit of defense and a reply to

the new matter contained therein in the nature of a demurrer. The rule for judgment was discharged and the question of law raised by the reply was resolved in favor of the defendant with leave to reply to the merits in 10 days, otherwise judgment for defendant on the pleadings. This disposition of the matter was unsatisfactory to the plaintiff who took an appeal to the Supreme Court, whereupon we made a further order granting the plaintiff leave to file a reply to the new matter within 15 days after the final decision was rendered by the Supreme Court.

The plaintiff then entered a rule as of course to take the depositions of witnesses outside the State and filed her interrogatories as required by rule 106. The defendants did not file cross-interrogatories, but upon their petition we allowed a rule to show cause why proceedings under the commission should not be stayed until the disposition of the appeal pending in the Supreme Court. The plaintiff then took a rule to strike off the defendants' rule, a futile and unnecessary proceeding as the court's action upon the rule to show cause disposes of the question.

It is contended by the plaintiff that a rule for a commission is a rule of course; that it is peremptory, that it issues by virtue of legislative authority without the permission of the court and the court not only has no discretion in regard thereto but has no power to take away the statutory right so given. She relies upon the Act of March 26, 1827, P. L. 131, which provides that where the record has been removed from the court of common pleas to the Supreme Court on appeal it nevertheless shall be considered as remaining in the court of common pleas so far as to enable the parties to enter rules and take out commissions for the purpose of taking the depositions of witnesses in like manner and with like effect as if such case were still pending and undetermined in such court of common pleas.

We think that the plaintiff places upon the words of the statute and of rule 106 a wider meaning than they

can be made to bear. The question is not whether the plaintiff has a right to take testimony but whether it is expedient to take it at the present time, and, conceding for the moment that the plaintiff has the right, we have no doubt at all that the right is subject to our discretionary control. The rule being taken as a matter of course, no reason was assigned for it and there is nothing before us to indicate that any inconvenience will be suffered, any testimony lost or any injustice done if the proceedings are stayed; while on the other hand there appears to be no adequate reason for putting the defendants to the trouble and expense of depositions which the event may prove to be unnecessary.

It appears to us that the commission to take testimony has issued prematurely for the case is not yet at issue. We are not here concerned with depositions in aid of any preliminary matter so it must be obvious that, until an issue is framed, nothing subsists as to which testimony would be relevant. Furthermore the plaintiff's rule for judgment and reply raising questions of law (the adverse decision upon which is the ground for appeal to the Supreme Court), admit all the averments of the affidavit of defense and new matter which are well pleaded and hence there appears to be nothing upon which to rest depositions.

We think the Act of 1827 implies no more than that the removal of the record to the Supreme Court upon appeal shall not constitute a bar to the taking of depositions in a proper case, nor do we doubt our power upon cause shown to allow the taking of depositions where a case is not at issue if it shall appear necessary and proper to perpetuate testimony. No such situation exists.

The plaintiff's rule to strike off is discharged and the defendants' rule to stay the taking of depositions under the commission until the decision of the pending appeal by the Supreme Court is made absolute.